**Jose Francisco MEDINA,**
**Petitioner–Appellant,**

v.

**Larry SMALL, Warden Respondent–**
**Appellee.**

No. 00–56087.

D.C. CV–99–08535–DT.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 9, 2001.

Decided March 2, 2001.

Before PREGERSON, CANBY, and DAVID R. THOMPSON, Circuit Judges.

## MEMORANDUM *

Jose Francisco Medina, a state prisoner, appeals the district court's denial of his habeas petition filed under 28 U.S.C. § 2254. He contends he received ineffective assistance of counsel during his state court trial and sentencing. Medina's sentence was enhanced based on two prior convictions which constituted "strikes" under California Penal Code § 667(e)—(i). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Medina contends his counsel was ineffective for failing to effectively cross-examine fifteen-year-old David Klein, the victim and sole witness to the robbery. We disagree. The record reflects that Medina's counsel challenged Klein's credibility and brought out the inconsistencies in Klein's testimony. Trial counsel's performance was not deficient under the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1983)

■ Medina further argues his counsel was ineffective because he failed to argue sufficiently mitigating factors at sentencing. Medina contends his counsel should have offered additional evidence to support the motion to strike his two prior convictions. He fails to specify what mitigating evidence he believes his counsel should have presented, but in any event he is not entitled to an evidentiary hearing in federal court to develop his claim because he failed to develop the factual basis for the claim in his state court proceedings. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 432–35, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). Medina has failed to establish ineffective assistance of counsel as to this claim.

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

